UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LISA M. CASLIN,
RICKEY T. CASLIN,

   Plaintiffs,

v.               608CV0020

BI-LO, LLC,

   Defendant.

## ORDER

Defendant Bi-Lo, LLC (Bi-Lo), has filed a F.R.Civ.P. 56 motion for summary judgment on plaintiffs Lisa and Rickey Caslins' claims. Doc. # 26.[1] Lisa Caslin alleges that Bi-Lo's negligence caused her to slip and fall on a wet substance while walking through the produce section of defendant's store, resulting in an injury to her foot and related damages. Doc. 1 at screen pg. 7-10 (Complaint). Rickey Caslin, Lisa's husband, asserts a derivative claim of loss of consortium. *Id.* at screen pg.10-11. The plaintiffs also request litigation expenses, including attorneys' fees. *Id.* at 11.

Plaintiffs have not filed a response to Bi-Lo's summary judgment motion. While that renders Bi-Lo's motion unopposed under S.D.Loc.R. 7.5 ("Failure to respond shall indicate that there is no opposition to a motion"), there is no such thing as a "default summary judgment." *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (the record must otherwise support summary judgment); *Elektra Entm't Group Inc. v. Brimley*, 2006 WL 2367135 at * 2 (S.D.Ga. 8/15/06) (unpublished) (same).

Pursuant to Rule 56(c), summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Thus, Bi-Lo must still show from the pleadings and the evidence that there is no genuine issue of material fact. *Weiss v. Sch. Bd. of Hillsborough County*, 141 F.3d 990, 994 (11th Cir. 1998) (party seeking summary judgment "satisfies its burden by showing an absence of evidence to support an essential element of the nonmoving party's case"); *Bouchard v. Magnusson*, 715 F.Supp. 1146, 1148 (D.Me. 1989) ("the practical consequence of Plaintiff's failure to respond to Defendant's motion for summary judgment is that the Court accepts as true all material facts set forth by Defendant *that are supported in the record* by materials of evidentiary quality") (emphasis added). Granted, this Court

> need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment.

*U.S. v. One Piece Prop., 5800 SW 74th, Miami, FL*, 363 F.3d 1099, 1101-02 (11th Cir. 2004); *accord Burden v. Mobile Works, Inc.*, 2008 WL 478441 at * 2 (S.D.Ala. 2/19/08) (unpublished).

In order to recover on this slip-and-fall claim, plaintiffs must show "(1) that [Bi-Lo] had actual or constructive knowledge of the hazard; and (2) that [Lisa] lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within [Bi-Lo's] control." *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (1997).

The Court has been presented with no

---

[1] The Court has diversity jurisdiction over this matter, doc. # 1 ¶ 5, and applies Georgia's substantive law.

evidence that Bi-Lo created the hazard or had actual knowledge of the spill. Thus, liability hinges on constructive knowledge, which can be demonstrated in one of two ways:

> by showing that an employee of the defendant was in the immediate vicinity of the fall and had an opportunity to correct the hazardous condition before the fall; or by showing that the substance had been on the floor for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises.

*Kroger Co. v. Williams*, 274 Ga. App. 177, 178 (2005). If the plaintiff shows that an employee was in the vicinity of the fall, "[i]t must be shown that the employee was in a position to have easily seen the substance [that caused the fall] and removed it" in order to get past summary judgment. *Bolton v. Wal Mart Stores, Inc.*, 257 Ga. App. 198, 198 (2002).

Bi-Lo argues that no facts in the record support constructive knowledge. Doc. # 26-2 at 5-8. According to Lisa's testimony, no Bi-Lo employee was in the immediate vicinity of the hazard prior to Lisa's fall. Doc. # 26-5 at 38 ("Q: In the produce department, did you see any Bi-Lo employees before you fell? A: I didn't see anyone."); *see also id.* at 21-22. Lisa testified that she did not notice the water on the floor despite being alert to her surroundings, *id.* at 20-21, and that she has no reason to think that anyone in the area "could have seen the water on the floor...." *Id.* at 53. Thus, there no is contested factual issue as to whether a Bi-Lo employee was in the immediate vicinity of the fall and in a position to have easily seen the water and removed it.

Nor is there a contested issue of fact as to whether Bi-Lo failed to exercise reasonable care. The Bi-Lo store manager inspected the floor around where Lisa fell ten minutes prior to her fall, doc. # 26-3 at ¶¶ 6-7 (affidavit of Ron King), and the produce manager inspected the same area less than 20 minutes before the fall, doc. # 26-4 at ¶ 5 (affidavit of Tony Kemp). Both employees testified that the floor of the produce section was clean and dry at the time of inspection. Doc. ## 26-3 at ¶ 6; # 26-4 ¶ 5.

"[W]hen a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, [Georgia courts] have held that the inspection procedure was adequate as a matter of law." *Medders v. Kroger Co.*, 257 Ga. App. 876, 878 (2002) (quotes and cite omitted). Inspection of an area fifteen to twenty minutes prior to a slip and fall is within "a brief period" and has been found sufficient to award summary judgment. *See Wallace v. Wal-Mart Stores, Inc.*, 272 Ga. App. 343, 346 (2005).

The facts do not show that water was on the floor for any length of time prior to Lisa's fall. The uncontested testimony regarding defendant's inspection of the area where Lisa slipped demands a conclusion that this inspection procedure was adequate as a matter of law.

For these reasons, it is factually undisputed that Bi-Lo had no actual or constructive knowledge of the hazard. Therefore, summary judgment for Bi-Lo is appropriate on plaintiff's negligence claim. Consequently, plaintiffs' derivative claim (i.e. loss of consortium) and claim for attorneys' fees also fail.

Defendant Bi-Lo's motion for summary judgment (doc. # 26) is *GRANTED*. Plaintiffs Lisa and Rickey Caslins' complaint (doc. # 1) is therefore *DISMISSED WITH PREJUDICE*.

This _5_ day of November, 2008.


_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA